IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Ronald Bean Sr. and Sandra Bean, | Civil Action No.: 5:16-cv-780 |
| Plaintiffs, | |
| v. | |
| Grand Design RV, LLC; and Bill Plemmons RV World, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Ronald Bean Sr. and Sandra Bean, by undersigned counsel, state as follows:

## INTRODUCTION

1. This is an action by the purchaser of a 'defective' 2014 Solitude Fifth Wheel 305RE trailer for damages related to defects in the automobile and Defendants' wrongful failure to honor the terms of the warranty.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiffs' claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Ronald Bean Sr. and Sandra Bean (hereafter "Mr. Bean," "Ms. Bean," respectively, and together as the "Plaintiffs"), are individuals residing in Fayetteville, North Carolina.

5. Bill Plemmons RV World, (hereafter the "Dealership") is a business entity with a principal place of business at 1208 New Bern Avenue, Raleigh, North Carolina 27610 is an authorized dealership of Defendant Grand Design RV, LLC and is engaged in the business of selling, leasing and servicing motor vehicles within the jurisdiction of this Court.

6. Defendant Grand Design RV, LLC (hereafter the "Manufacturer," and together with the Dealership, the "Defendants") is a business entity with a principal place of business at 11333 County Road 2, Middlebury, Indiana 46540. The Manufacturer is in the business of marketing, supplying, and selling motor vehicles accompanied by written warranties to the public at large through a system of authorized dealerships.

## STATEMENT OF FACTS

**A.  Introduction**

7. On April 9, 2015, the Plaintiffs visited the Dealership and agreed to purchase a new 2014 Solitude Fifth Wheel 305RE travel trailer, Vehicle Identification Number (VIN) 573FS3625E1101589 (the "Trailer") from the Dealership for private use.

8. The total price of the Trailer was $66,554.61 including options, fees, taxes, and finance charges.

9. The legal fees in this matter are likely to equal or exceed $25,000.00.

10. At the time Plaintiffs purchased the Trailer, the Dealership made representations as to the Trailer's performance and quality and assured the Plaintiffs that it was a new trailer free from defects of workmanship.

11. Thereafter, continuing defects and problems have plagued the Trailer.

**B.     The First Repair Attempt (3 months)**

12. On June 26, 2015, Plaintiffs took the Trailer to the Dealership, and the Dealership accepted the Trailer for repair.

13. Plaintiffs complained about numerous defects in the Trailer's materials and workmanship and provided the Dealership with a list of about 24 items that required repair.

14. The Plaintiffs complained about such items as missing screws, tears in the floor, loose trim, improperly closing door, malfunctioning automatic leveling system, malfunctioning valves and other items.

15. The Dealership verified most of the complaints and attempted repairs.

16. The Trailer was ready for pick up on October 14, 2015. The Trailer was out of service for over three (3) months.

**C.     The Second Repair Attempt (4 months)**

17. Problems with the Trailer continued, and Plaintiffs returned to the Dealership for repairs. On or about November 12, 2015, the Dealership accepted the Trailer for repair.

18. Plaintiffs complained about numerous defects in the Trailer's materials and workmanship and provided the Dealership with a list of about 25 items that required repair including items such as malfunctioning switch, defective molding, leaking shower, misaligned slide, water leak around top door and battery vent, protruding nails, leaking sewer connector, leaking kitchen sink, other water leaks throughout and other items.

19. The Dealership verified most of the complaints and attempted repairs.

20. The Dealership informed Plaintiffs that the Trailer was ready for pick up on March 19, 2016. The Trailer was out of service for over four (4) months.

### D. The Second Repair Attempt (4 months)

21. Problems with the Trailer continued, and Plaintiffs returned to the Dealership for repairs. On or about April 11, 2016, the Dealership accepted the Trailer for repair.

22. Plaintiffs complained again about numerous defects in the Trailer's materials and workmanship and provided the Dealership with a list of about 20 items that required repair.

23. The Plaintiffs complained about such items as misaligned cabinet doors, slides being uneven when closed, holes in trim, loose shower door, dresser drawers pulling apart or cracked, black water shut off leaking, back splash pulling loose, water leaks, and other items.

24. In addition, once the Dealership adjusted the slides, the outside decals became misaligned.

25. The Dealership verified most of the complaints and commenced repairs.

26. As of today, the Trailer remains in Dealerships possession.

27. Later, Grand Design stated that the unavailability-of-parts reason was not in fact the problem.

28. In total, the Trailer has been suffering from substantial nonconformities for over eleven (11) months which the Defendants failed to correct and remains unrepaired.

29. The defects experienced by the Plaintiffs continue to substantially impair the use, value and safety of the Trailer.

30. At all relevant times, the Trailer was covered by a written One-Year Limited Base Warranty and a written Three-Year Limited Structural Warranty.

31. Plaintiffs provided Defendants one or more of their authorized or franchised dealers with a reasonable opportunity to repair the problems with the defective Trailer within the warranty period.

4

32. Defendants have neglected, failed, refused or otherwise been unable to repair the substantial impairments to the Trailer within a reasonable amount of time.

## COUNT I
### Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

33. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiffs are "consumer[s]" as defined in 15 U.S.C. § 2301(3).

35. The Defendants are "suppliers" and "warrantors" as defined in 15 U.S.C. § 2301(4) & (5).

36. The Trailer is a "consumer product" as defined in 15 U.S.C. § 2301(1). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

37. 15 U.S.C. § 2304(a)(1) requires the Defendants, as warrantors, to remedy any defects, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to Plaintiffs.

38. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed on them by the Defendants, the Defendants have failed to remedy the defects within a reasonable time, thereby, breaching the written and implied warranties applicable to the subject the Trailer.

39. As a result of the Defendants' breaches of written and implied warranties, and Defendants' failure to remedy the same within a reasonable time, the Plaintiffs have suffered damages.

## COUNT II
### Breach of Express Warranties

40. The Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

41. In connection with the purchase, the Defendants warranted that, among other things:

   a. The Trailer was fit for the ordinary purposes of safe, reliable and attractive transportation;

   b. The Trailer was of good, sound and merchantable quality;

   c. The Trailer was free from defective parts and workmanship;

   d. The Trailer was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

   e. In the event the Trailer was not free from defective parts or workmanship as set forth above, the Defendants would repair or replace same without cost to Plaintiffs; and

   f. Any defects or non-conformities would be cured within a reasonable time.

42. The Defendants breached these express warranties in that the Trailer is plagued by problems.

43. The Plaintiffs have given the Defendants reasonable opportunities to cure said defects and make the subject Trailer fit for its intended purpose but the Defendants have been unable and/or refused to do so within a reasonable time.

44. As a result of said nonconformities, the Plaintiffs have been damaged.

### COUNT III
### Breach of Implied Warranty of Merchantability

45. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Defendants are merchants with respect to recreational vehicles.

6

47. An implied warranty that the Trailer was merchantable arose by operation of law as part of the purchase of the Trailer.

48. The Defendants breached the implied warranty of merchantability where the Trailer was not in merchantable condition when sold or at any time thereafter and unfit for the ordinary purposes for which such vehicles are used.

49. The Plaintiffs notified the Defendants through its authorized dealership of the defects in the Trailer within a reasonable time after the Plaintiffs discovered the breach.

50. As a proximate result of the Defendants' breaches of the implied warranty of merchantability, the Plaintiffs have suffered damages, including but not limited to incidental and consequential damages.

51. As a result of said violation the Plaintiffs have been damaged.

## COUNT IV
## Violation of the NC Unfair Trade Practices Act, N.C.G.S.A. § 75-1.1, *et seq.*

52. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The sale of the Trailer to the Plaintiffs under the guise that it was free from defects that would substantially impair the use, safety, or value of the Trailer represents an unlawful or deceptive trade practice under N.C. Gen. Stat. § 75-1.1.

54. The Defendants violated N.C. Gen. Stat. § 75-1.1 in one or more of the following ways:

    a. Making of fraudulent and/or negligent representations, as herein before alleged;

    b. Misrepresenting ongoing excuses for delays and non-compliance with warranted repairs.

c. Representing the subject Trailer to be of good, merchantable quality, free of defects, when in fact it was not;

   d. Representing that the repairs could be performed properly, within a reasonable time, when Defendants knew or, in the exercise of reasonable care, should have known that this was not the case;

   e. Failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein; and

   f. Failing to offer a refund of the purchase price of the subject vehicle in accordance with the applicable warranties.

55. The Defendants are in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

56. The Defendants violated the law willfully and knowingly.

57. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT V
### Revocation of Acceptance under the NC Uniform Commercial Code, N.C.G.S.A. § 25-2-608, *et seq.*

58. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Plaintiffs reasonably assumed, and Defendants represented, that all of the aforesaid defects would be cured within a reasonable time.

60. After numerous attempts by Defendants to cure, it has become apparent that said defects cannot be seasonably cured.

61. The defects substantially impair the use, safety and value of the Trailer.

62. The Plaintiffs have previously notified Defendants of said defects and of Plaintiffs' intent to revoke acceptance and demand return of the purchase price of said Trailer.

63. Defendants have nevertheless refused to accept return of the Trailer and have refused to refund Plaintiffs' purchase price.

64. As a result of said refusal the Plaintiffs have been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendants as follows:

1. Money damages in the form of a refund of the full contract price, including, a refund of all payments made by Plaintiffs on the subject contract, taxes, license fees, registration fees, insurance premiums, interests, and costs;

2. Incidental damages and consequential damages;

3. Reasonable attorneys' fees; and

4. Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 30, 2016

Respectfully submitted,

By: /s/ Brycen Williams

Brycen G. Williams
NC Bar #: 50253
1404A Banbury Road
Raleigh, NC 27607
Email: bwilliams@lemberglaw.com
Telephone: (919) 584-4433
Facsimile: (888) 953-6237
Attorney for Plaintiffs

Of Counsel To:
Sergei Lemberg, Esq.
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

9

Case 5:16-cv-00780-BR   Document 1   Filed 08/30/16   Page 9 of 9